**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Andre Easley,                                                          Case No. 3:19 CV 2575

           Plaintiff,

     v.
                                                  **ORDER**

Officer Good,

           Defendant.

*Pro se* plaintiff Andre Easley, a prisoner in the Allen-Oakwood Correctional Institution, has filed this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against Corrections Officer Good. (Doc. 1). He seeks compensatory and punitive damages on the basis of allegations that Officer Good violated his constitutional rights on September 23, 2017, by spitting on him with the intent to intimidate, harass, and harm him. (*See id*. at 3, ¶ 13.)

Under the Prison Litigation Reform Act, federal district courts are required to screen *in forma pauperis* prisoner actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

This action must be dismissed as frivolous. Easley filed a prior civil rights lawsuit against Officer Good under § 1983 based on the same allegations. Judge Zouhary found the allegations insufficient to support a plausible constitutional claim and dismissed Easley's prior action under 28 U.S.C. § 1915A. *See Easley v. Good, et al.*, No. 3: 18 CV 470 (July 16, 2018).

The present lawsuit against Officer Good is duplicative of Easley's prior lawsuit and is barred by *res judicata,* which bars a party from re-litigating claims and issues already considered and decided in a prior lawsuit involving the same parties or their privies. *See Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) (a "duplicative complaint lacks an arguable basis either in law or in fact and, therefore, . . . [is] properly dismissed on the basis of *res judicata*").

**Conclusion**

Accordingly, it is therefore ordered that the plaintiff's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  /s/ James G. Carr
Sr. U.S. District Judge